

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-19-2006

# Stevens v. Lindsay

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-2547

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Stevens v. Lindsay" (2006). *2006 Decisions*. Paper 311.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/311

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

APS-350                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

NO. 06-2547
_____

LUVOYDA A. STEVENS,

Appellant

v.

CAMERON LINDSAY, Warden
_____

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. Civ. No. 06-CV-00831)
District Judge:  Honorable A. Richard Caputo
_____

Submitted For Possible Summary Action
Under Third Circuit LAR 27.4 and I.O.P. 10.6
September 28, 2006

BEFORE:  SLOVITER, McKEE and FISHER, CIRCUIT JUDGES

(Filed:  October 19, 2006)

_____

OPINION
_____

PER CURIAM

Luvoyda Stevens appeals from an order of the United States District Court for the Middle District of Pennsylvania ("Middle District"), which dismissed his habeas petition he filed pursuant to 28 U.S.C. § 2241. For the reasons that follow, we will affirm.

Stevens was convicted of two counts in a twenty-nine count indictment in the United States District Court for the District of New Jersey ("trial court") following a guilty plea, and was sentenced to 210 months on Count One and 120 months on Count Twenty-Eight to run concurrently. Stevens did not file a direct appeal. He filed a motion pursuant to 28 U.S.C. § 2255 in the trial court in February 2005, which was dismissed as time-barred.

In April 2006, Stevens filed the instant § 2241 petition in the Middle District, challenging his judgment of conviction and sentence, because he believed Count One was dismissed at his sentencing. He argued that § 2255 is inadequate and ineffective, because he did not learn that Count One was dismissed until he received his sentencing transcript. The District Court dismissed the petition, finding that whether Stevens had attempted to file a second or successive § 2255 motion and been denied, or whether he was assuming he would be unable to file a second or successive motion, § 2255 was not inadequate or ineffective simply because Stevens could not meet the statute's gate-keeping requirements.

We agree with the District Court that Stevens cannot proceed under § 2241 but must instead use § 2255. Section 2241 may be substituted for § 2255 only in exceptional

2

circumstances such as those faced by the petitioner in In re Dorsainvil, 119 F.3d 245 (3d

Cir. 1997), who "was in the 'unusual position' of a prisoner with no prior opportunity to

challenge his conviction for a crime that an intervening change in substantive law could

negate with retroactive application." Okereke v. United States, 307 F.3d 117, 120 (3d

Cir. 2002). Stevens, by contrast, does not maintain that the actions for which he was

convicted have since been decriminalized. Moreover, he could have raised his claims on

direct appeal or in a timely § 2255 motion. Because a § 2255 motion must be filed in the

sentencing court, and because Stevens filed his § 2241 petition in a court that did not

sentence him, the District Court correctly dismissed his petition without prejudice for lack

of jurisdiction. After considering Appellee's motion for summary affirmance and

Stevens' opposition thereto, we find that the appeal does not present a substantial issue

and we grant the appellee's motion for summary affirmance.[1]

---

[1]Stevens' motion for appointment of counsel is denied as moot.